IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 10, 2004 Session

## MARY FINCHUM, Individually and as Next of Kin to WILLIAM FINCHUM, Deceased v. ACE, USA, individually and as successor to CIGNA INSURANCE COMPANY, et al.

**Direct Appeal from the Circuit Court for Knox County**
**No. 2-628-02     Hon. Wheeler Rosenbalm, Circuit Judge**

**No. E2003-00982-COA-R3-CV  - FILED AUGUST 23, 2004**

The Trial Court dismissed the Complaint on a Motion filed pursuant to Tenn. R. Civ. P. 12.02(6).  We vacate and remand because the Motion to Dismiss did not comply with the Rules of Civil Procedure.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., joined.  CHARLES D. SUSANO, JR., J., Dissented and filed an opinion.

Paul T. Gillenwater, Knoxville, Tennessee, for Appellant.

Gerald V. Weigle, Jr., Cincinnati, Ohio for Appellee, Liberty Mutual Insurance Co.

J. Thomas Jones, Knoxville, Tennessee, and James E. Rocap, III, Washington, DC, for Appellee, Travelers Casualty and Surety Co.

**OPINION**

In this contract action, the Trial Court, responding to a Motion to Dismiss pursuant to Tenn. R. Civ. P. 12.02(6), dismissed plaintiff's Complaint for failure to state a cause of action. Plaintiff has appealed.

Counsel argued the Motion to Dismiss on March 21, 2003, as well as several other motions not germane to this Appeal. The Trial Court granted defendants' Motion to Dismiss and the Order subsequently entered on April 14, 2003 attached and incorporated by reference the transcript of the Court's ruling at the hearing. It is clear from the transcript that the Court treated this as an action in contract and dismissed the claim for failure to state a cause of action.

We do not reach the merits of the appeal because we hold that the Motion to Dismiss is procedurally deficient and does not comply with the Tennessee Rules of Civil Procedure. The Motion to Dismiss states:

> Pursuant to Tennessee Rules of Civil Procedure 12.02(6), defendants hereby move to dismiss the claim raised by the plaintiff's Complaint. A Memorandum in support of this Motion is attached.

A motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Tenn. R. Civ. P. 12.02(6) is designed to test the legal sufficiency of the complaint, not the strength of the plaintiff's case. *Doe v. Sundquist,* 2 S.W.3d 919, 922 (Tenn. 1999); *Riggs v. Burson,* 941 S.W.2d 44, 47 (Tenn. 1997).

As the functional equivalent of the old common law demurrer, Rule 12.02(6) motion to dismiss is subject to the same strict rules of construction. *Gore v. Tenn. Dept. Of Correction,* 132 S.W.3d 369, 373 (Tenn. Ct. App. 2003). The common law demurrer could not "speak," i.e., state or introduce a new fact to support it; but the rule 12.02(6) motion is not so limited. If it does "speak" it becomes converted into a Tenn. R. Civ. P. 56 motion for summary judgment by the express provisions of rule 12.02, and must be adjudicated pursuant to the standard for summary judgment under Rule 56. *Id. at 374.*

Defendants attached as an exhibit to their memorandum of authorities the Settlement Agreement in the original personal injury action executed by a representative of the Center for Claims Resolution[1] and rely upon it extensively in their brief. Under the modern rules of civil procedure, the trial court retains the discretion to consider extrinsic evidence outside the pleadings, *Hixson v. Stickley*, 493 S.W.2d 471, 473 (Tenn.1973), but, if it does it "shall be treated as one for summary judgment and disposed of as provided in Rule 56." Tenn. R. Civ. P. 12.02; *Hunt v. Shaw*, 946 S.W.2d 306, 307 (Tenn. Ct. App.1996). It is clear from the record that the Trial Court did not consider the settlement document attached to the motion to dismiss. Furthermore, it is clear that the Trial Court did not consider anything other than the face of the complaint, including the release attached to the complaint, in reaching its decision to grant the Motion to Dismiss.

A motion to dismiss must comply with Tenn. R. Civ. P. 7.02(1) and "state with

---

[1]Center for Claims Resolution is composed of a consortium of 16 member companies defending claims primarily asbestos manufacturers and distributors.

particularity the grounds therefor."[2]  Our Supreme Court has held that stating the grounds for the motion in an accompanying memorandum of law does not fulfill this requirement, *Willis v. Tennessee Dept. of Corr.,* 113 S.W.3d 706, 709 n.2 (Tenn. 2003); *accord*, *Hicks v. Campbell,* 2003 WL 22438441 (Tenn. Ct. App. 2003); *Ivy,* 2003 WL 22383613 (Tenn. Ct. App. 2003).

The Supreme Court declared with unmistakable clarity the correct procedure to follow for Rule 12.02(6) motions.  In *Willis,* the Attorney General filed a motion to dismiss for failure to state a claim, then filed a second motion attaching a memorandum of law, because the first motion was not accompanied by a memorandum.  Before turning to constitutional issues, the Court commented upon this procedure:

> The Attorney General's motion simply asserted that the petition should be dismissed "[p]ursuant to Tenn. R. Civ. P. 12.02(1) and (6)."  This motion fails to meet the basic requirements of Tennessee Rule of Civil Procedure 7.02(1) which requires that motions must 'state with particularity the grounds therefor.'  For the purposes of a Tennessee Rule of Civil Procedure 12.02(6) motion, the moving party must state in its motion why the plaintiff has failed to state a claim for which relief can be granted.  Including the grounds for a rule 12.02(6) motion in a separate memorandum of law does not comply with Rule 7.02(1).

*Id.* at 709 n.2.

The Supreme Court in *Willis* sets forth the proper procedure for filing motions to dismiss and the correct composition of the record ultimately submitted to the appellate court for review.[3]

---

[2]While this issue has not been raised on appeal, for the sake of procedural consistency Appellate Courts will *sua sponte* require proper procedures to be followed.  See *Culbreath v. First Tenn. Bank*, 44 S.W. 3d 518 at 528-29 (Tenn. 2000).

[3]*Willis* reversed the majority of the Court of Appeals, Judge Koch dissenting.  Judge Koch's articulate Dissent stated:

> The Motion to Dismiss simply asserts that the petition should be dismissed pursuant to Tenn. R. Civ. P. 12.06(1) and (6).  This Motion, like most of the motions filed by the Civil Rights and Claims Division in cases of this sort, fail to comply with the rudimentary requirements of motion practice under Tennessee Rules of Civil Procedure, in terms that even first year law students can understand.  Tenn. R. Civ. P. 7.01 requires the motion must state, with particularity the grounds therefor, and for the purpose of Tenn. R. Civ. P. 12.06 this means that the moving party must state in its motion why the plaintiff has failed to state a claim for which relief can be granted. *Willis v. Tenn. Dept. Of Corr.,* 2002 WL 1189730 at *16 (Tenn. Ct. App. 2002).

Since the Motion to Dismiss did not comply with the Tennessee Rules of Civil Procedure, the Trial Court should not have considered the Motion. Accordingly, we vacate the Judgment of the Trial Court and remand for further proceedings.

The cost of the appeal is assessed to defendants.

_____
HERSCHEL PICKENS FRANKS, P.J.