IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 11, 2011 Session

**SHAVON HURT v. JOHN DOE**, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 09C89     Hamilton V. Gayden, Jr., Judge**

---

**No. M2011-00604-COA-R3-CV - Filed January 13, 2012**

---

Plaintiff filed a personal injury action arising out of a pedestrian-vehicle collision, naming as defendant the owner of the car that allegedly struck the plaintiff. After discovery, plaintiff amended the complaint to add "John Doe/Jane Doe" as a defendant and served process on her uninsured motorist carrier. Plaintiff subsequently settled with the named defendant and dismissed the action against that defendant; the uninsured motorist insurance carrier then filed a motion to dismiss the uninsured motorist claim. The trial court granted the motion, holding that, in light of the settlement, the uninsured motorist claim no longer existed and dismissed the case. We find that the court erred in dismissing the case.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., and ANDY D. BENNETT, JJ., joined.

Henry S. Queener, III, Nashville, Tennessee, for the Appellant, Shavon Hurt.

Stewart C. Stallings, and Jason R. Hollingsworth, Brentwood, Tennessee, for the Appellee, Farmers Insurance Exchange.

**MEMORANDUM OPINION**[1]

Shavon Hurt filed an action to recover for personal injury allegedly sustained when a car backed out of a parking space and collided with her as she was walking in a parking garage at Vanderbilt Children's Hospital; Ms. Hurt named as defendant Hilrie Brown, alleged to be the owner and driver of the car. Ms. Brown answered the complaint and generally denied the allegations therein.

After the depositions of Ms. Hurt and Ms. Brown were taken, the trial court entered an agreed order permitting Ms. Brown to amend her answer to assert as an affirmative defense that neither she nor her car were involved in the accident and that Ms. Hurt's injuries were caused by an unknown driver. Thereafter, Ms. Hurt amended her complaint to add the following paragraph:

> Defendant Hilrie Brown asserts fault against John Doe/Jane Doe below therefore the plaintiffs assert that fault, if any, against John Doe/Jane Doe as follows:
>
> > "Ms. Brown was not the driver involved in this accident and her vehicle was not the vehicle involved in the accident. Ms. Brown alleges that the injuries and damages claimed by plaintiff, if any, were caused by and/or contributed to by a John Doe/Jane Doe defendant(s) who owned and operated the vehicle involved in this accident, the identify(ies) [sic] of whom is/are unknown to Ms. Brown. Any injuries and damages claimed by the plaintiff are the responsibility of the unknown John Doe/Jane Doe defendant(s) to the extent they cased [sic] or contributed to the accident and injuries sustained by the plaintiff."

Plaintiff Shavon Hurt avers fault against John Doe/Jane Doe based on the Amended Answer of Defendant Hilrie Brown.

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

-2-

Ms. Hurt served process on her uninsured motorist carrier, Farmers Insurance Exchange ("Farmers"), which filed an answer to the amended complaint.

On January 7, 2011, Farmers filed a motion to dismiss, asserting that Ms. Hurt had settled with Ms. Brown and that a valid uninsured motorist claim no longer existed.[2] Farmers asserted in its motion that the settlement occurred on January 6; Farmers attached as exhibits to the motion a copy of an unsigned "Release, Settlement and Indemnity Agreement," which stated that Ms. Hurt released Ms. Brown from all claims arising from the accident giving rise to the suit, and an unverified specimen automobile insurance policy. In the memorandum supporting the motion, Farmers contended that, in settling her claim with Ms. Brown, plaintiff had "in effect recovered from a tortfeasor with insurance coverage"; that, in light of the settlement, there was no longer a valid uninsured motorist claim; and that permitting Ms. Hurt to proceed with her case against John Doe or Jane Doe could lead to a double recovery, which Farmers contended was inconsistent with the purpose of the uninsured motorist statute. Plaintiff filed a memorandum response to the motion.

The order granting the motion to dismiss stated:

> This cause came on to be heard on February 18, 2011, upon motion of the Defendant, Farmers Insurance Exchange, on behalf of John Doe/Jane Doe, for dismissal on the ground that the uninsured motorist claim asserted against it no longer exists as Plaintiff has settled with the Defendant, Hilrie Brown, and recovered proceeds from her insurance policy.
> Based upon a review of the pleadings, case file and argument of counsel, both orally and through the briefs they have submitted, the Court believes the motion is well taken and should be granted.
> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss is granted and this case is hereby dismissed as to Farmers Insurance Exchange on behalf of John Doe/Jane Doe.

Ms. Hurt appeals, asserting that the trial court erred in dismissing the uninsured motorist claim when there were genuine issues of material fact as to whether John Doe or Jane Doe was responsible for Ms. Hurt's injury.

---

[2] On January 13, the trial court entered an agreed order between Ms. Hurt and Ms. Brown dismissing Ms. Brown from the lawsuit.

Tenn. R. Civ. P. 12.02, governing motions to dismiss, states in pertinent part:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion in writing: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19, and (8) specific negative averments made pursuant to Rule 9.01. A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

*Id.* The motion to dismiss did not state the rule upon which it was sought; the subsection which appears to address the posture of this case is Rule 12.02(6), failure to state a claim upon which relief can be granted.

The purpose of a Rule 12.02(6) motion to dismiss is to determine whether the pleadings state a claim upon which relief can be granted. The motion only challenges the legal sufficiency of the complaint; it does not challenge the strength of the plaintiff's proof. *See Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999). In considering a motion to dismiss, the court must liberally construe the complaint, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. *See Pursell v. First American National Bank*, 937 S.W.2d 838, 840 (Tenn. 1996); *see also Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696-97 (Tenn. 2002). Thus, a complaint should not be dismissed for failure to state a claim *unless* it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. *See Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999); *Fuerst v. Methodist Hospital South*, 566 S.W.2d 847, 878 (Tenn. 1978) (emphasis added). Making such a determination is a question of law. Our review of a trial court's determinations on issues of law is *de novo*, with no presumption of correctness. *Frye v. Blue Ridge Neuroscience Center, P. C.*, 70 S.W.3d 710, 713 (Tenn. 2002); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn 2000); *Ganzevoort v. Russell*, 949 S.W.2d 293, 296 (Tenn. 1997).

Considered under the standard applicable to a Rule 12.02(6) motion, it cannot be said that the plaintiff can prove no set of facts that would warrant relief. Defendant has not cited any authority for the proposition that the allegations of the complaint as amended fail to state a claim for relief.

Additionally, the basis for Farmers' motion was that, in light of the settlement, a valid uninsured motorist claim no longer existed against John Doe or Jane Doe; the fact of the settlement was first introduced through the motion to dismiss, with the attached exhibits. To the extent the court considered the exhibits attached to Farmer's motion and the settlement of the claim against Ms. Brown in ruling on the motion, the motion should have been treated as one for summary judgment and disposed of as provided in Rule 56. *See Finchum v. Ace, USA*, 156 S.W.3d 536, 538 (Tenn. Ct. App. 2004).

CONCLUSION

The judgment of the Circuit Court for Davidson County is reversed and the case remanded to the trial court for further proceedings consistent with this opinion.

_____
RICHARD H. DINKINS, JUDGE