# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### January 11, 2022 Session

## AUTO OWNERS INSURANCE v. PHILLIP H. THOMPSON, III

**Appeal from the Circuit Court for Shelby County**
**No. CT-3206-19     Rhynette N. Hurd, Judge**

_____

### No. W2021-00268-COA-R3-CV

_____

The plaintiff challenges the trial court's order granting the defendant's Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss as a Tennessee Rule of Civil Procedure 56 motion for summary judgment and dismissing the plaintiff's cause of action with prejudice. The trial court granted the defendant's motion both as a Rule 12.02(6) motion to dismiss and as a Rule 56 motion for summary judgment despite stating in its order that it had not excluded extraneous evidence presented by the defendant and that it would treat the motion as one for summary judgment. We conclude that the trial court erred by granting the defendant's motion as a Rule 12.02(6) motion to dismiss after having considered extraneous evidence and that the trial court erred by failing to include in its order the legal grounds for its decision to grant the defendant's motion as a Rule 56 motion for summary judgment. Inasmuch as the plaintiff failed to file a proposed amended complaint in the trial court, we are unable to address the issue raised concerning the motion to amend the complaint. We vacate the trial court's order and remand for further proceedings consistent with this opinion and Rule 56.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated; Case Remanded

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Christopher W. Conner, Maryville, Tennessee, for the appellant, Auto Owners Insurance.

John A. Irvine, Jr., Memphis, Tennessee, for the appellee, Phillip H. Thompson, III.

## OPINION

### I. Factual and Procedural Background

On July 19, 2019, Auto Owners Insurance ("Auto Owners") filed a complaint in the Shelby County Circuit Court ("trial court") against Phillip H. Thompson, III. In its complaint, Auto Owners asserted that the parties had entered into an agreement whereby Mr. Thompson would pay Auto Owners for goods or services and that although Auto Owners had provided such goods or services, Mr. Thompson had failed to pay and had thereby breached the parties' agreement. Auto Owners alleged that as a result of this breach, it had suffered damages in the amount of $60,073.26. Auto Owners attached affidavits from its accounts receivable manager and accounting coordinator attesting to the amount owed, pursuant to Tennessee Code Annotated § 24-5-107(a) (2017), which provides that actions to collect a debt may be brought upon a sworn account.

On December 4, 2019, Mr. Thompson filed a motion to dismiss, asserting that Auto Owners was

> seeking to recover retrospective insurance premiums it claims are due based upon an audit of [Mr. Thompson's] bank statements. The audit increased [Mr. Thompson's] premium from $1,738.00 to $61,488.00 — over thirty-five (35) times greater than the estimated premium. Mr. Thompson disputes the auditor's methods and conclusions and has disputed the validity of the premiums. Now, [Auto Owners] has filed suit on a "sworn account" in an attempt to obviate its burden of proof to establish additional premiums are in fact owed pursuant to the insurance policy.

Mr. Thompson attached his affidavit, wherein he stated that he was a contractor and had purchased a commercial general liability policy of insurance from Auto Owners for the period of July 29, 2017, through July 29, 2018. Mr. Thompson related that Auto Owners had performed an audit for that period and asked him to provide his bank statements. According to Mr. Thompson, the auditor concluded that all cash withdrawals shown on the bank statements were payments to subcontractors, a fact that Mr. Thompson disputed. Mr. Thompson also filed a statement of undisputed material facts, stating that "Auto Owners Insurance assigned a remuneration figure of $457,168.00 as payroll to unidentified 'subcontractors' and classified them as roofers for purposes of the premium basis; claimed $470,468.00 in total payroll exposure; and adjusted the premium from $1,738.00 to $61,488.00."

In his concomitantly filed memorandum of law, Mr. Thompson asserted that although Tennessee Code Annotated § 24-5-107 served to "furnish an easy and ready means of collecting accounts when no real defense exists," *see Foster v. Scott Cty.*, 65 S.W. 22, 23 (1901), the essence of an "account" required an express or implied agreement as to

- 2 -

the amount due. However, Mr. Thompson argued that an action to determine a contractual obligation was not properly brought as an action to recover a debt on sworn account under § 24-5-107.

On February 5, 2020, Auto Owners filed a response, asserting that its claim should not be dismissed because it was based upon a contract. According to Auto Owners, its complaint alleged facts to support a claim for breach of contract. Auto Owners also argued that it had complied with the requirements of the statute for filing an action on sworn account. In the alternative, Auto Owners requested that it be allowed to amend its complaint pursuant to Tennessee Rule of Civil Procedure 15.01. Auto Owners concomitantly filed a response "in opposition of" Mr. Thompson's statement of undisputed material facts. In its response, however, Auto Owners did not dispute any of the facts asserted in Mr. Thompson's statement.

On June 9, 2020, Auto Owners filed a motion seeking to have the court deem the requests for admissions propounded to Mr. Thompson as conclusively admitted, pursuant to Tennessee Rule of Civil Procedure 36, due to Mr. Thompson's failure to timely respond to the requests. Auto Owners concomitantly filed a motion for summary judgment, relying upon the facts as established by the requests for admissions. Auto Owners attached a statement of undisputed material facts as well as an affidavit from its counsel, who attested to the fact that the requests for admissions had been delivered to Mr. Thompson on April 15, 2020, and that no response had been received as of May 29, 2020. Mr. Thompson filed responses to the requests for admissions on August 12, 2020.

On March 4, 2021, the trial court entered an order, stating:

> This matter came to be heard on [Mr. Thompson's] Motion to Dismiss the complaint, pursuant to Rule 12.0[2(6)], for failure to state a claim upon which relief can be granted. [Mr. Thompson] submitted matters outside of the complaint, which the Court did not exclude, therefore the Court treats [Mr. Thompson's] motion as one for Summary Judgment. [Auto Owners] did not dispute the Statement of Undisputed Material Facts filed by [Mr. Thompson]. The Court finds that [Auto Owners] has failed to state a claim upon which relief can be granted. Accordingly, the motion is well taken and should be granted.

The trial court therefore dismissed Auto Owners' claims with prejudice. Auto Owners timely appealed.

## II. Issues Presented

Auto Owners presents the following issues for our review, which we have restated slightly:

1. Whether the trial court erred by dismissing Auto Owners' complaint with prejudice, pursuant to Tennessee Rule of Civil Procedure 12.02(6), because Auto Owners purportedly alleged in its complaint all elements necessary to support a breach of contract claim.

2. Whether the trial court erred by considering evidence outside the pleadings in granting Mr. Thompson's motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6).

3. Whether the trial court erred by failing to properly apply the standards and procedures of Tennessee Rule of Civil Procedure 56 after it considered evidence outside the pleadings.

4. Whether the trial court abused its discretion by denying Auto Owners' request for leave to amend its complaint.

5. Whether the trial court erred by entering an order of dismissal that was not compliant with Tennessee Rule of Civil Procedure 56.

### III. Standard of Review

Although Mr. Thompson filed a motion to dismiss, pursuant to Tennessee Rule of Civil Procedure 12.02(6), the trial court stated that it was treating his motion as a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56. Therefore, this Court will review the trial court's order as one granting a motion for summary judgment. *See Patton v. Estate of Upchurch*, 242 S.W.3d 781, 786-87 (Tenn. Ct. App. 2007).

The grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is *de novo* with no presumption of correctness. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *Dick Broad. Co. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013) (citing *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010)). As such, this Court must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250. As our Supreme Court has explained concerning the requirements for a movant to prevail on a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56:

[W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We

reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.* When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. [574,] 586, 106 S. Ct. 1348, [89 L.Ed.2d 538 (1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye*, 477 S.W.3d at 264-65. "Whether the nonmoving party is a plaintiff or a defendant— and whether or not the nonmoving party bears the burden of proof at trial on the challenged claim or defense—at the summary judgment stage, '[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.'" *TWB Architects, Inc. v. The Braxton, LLC*, 578 S.W.3d 879, 889 (Tenn. 2019) (quoting *Rye*, 477 S.W.3d at 265). Pursuant to Tennessee Rule of Civil Procedure 56.04, the trial court must "state the legal grounds upon which the court denies or grants the motion" for summary judgment, and our Supreme Court has instructed that the trial court must state these grounds "before it invites or requests the prevailing party to draft a proposed order." *See Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014).

## IV.  Summary Judgment

The first two issues raised by Auto Owners concern whether the trial court properly dismissed its complaint pursuant to Tennessee Rule of Civil Procedure 12.02(6) and whether the trial court erred by considering evidence outside the pleadings in doing so. However, the trial court stated that it was treating Mr. Thompson's motion to dismiss as a Rule 56 motion for summary judgment and granted the motion as such.  Therefore, we must initially determine whether the trial court properly converted Mr. Thompson's Rule 12.02(6) motion to dismiss into a Rule 56 motion for summary judgment.

This Court has previously held that trial courts may properly convert motions to dismiss into motions for summary judgment. *See Patton*, 242 S.W.3d at 786.  As this Court has explained:  "If matters outside the pleadings are presented in conjunction with either a Rule 12.02(6) motion or a Rule 12.03 motion and the trial court does not exclude those matters, the court <u>must</u> treat such motions as motions for summary judgment and dispose of them as provided in Rule 56." *Id.* (emphasis added).  Rule 12.02 provides in pertinent part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

This Court has further elaborated:

> As the functional equivalent of the old common law demurrer, Rule 12.02(6) motion to dismiss is subject to the same strict rules of construction. The common law demurrer could not "speak," i.e., state or introduce a new fact to support it; but the rule 12.02(6) motion is not so limited.  If it does "speak" it becomes converted into a Tenn. R. Civ. P. 56 motion for summary judgment by the express provisions of rule 12.02, and must be adjudicated pursuant to the standard for summary judgment under Rule 56.
>
> * * *
>
> Under the modern rules of civil procedure, the trial court retains the discretion to consider extrinsic evidence outside the pleadings, but, if it does it "shall be treated as one for summary judgment and disposed of as provided in Rule 56."

*Finchum v. Ace, USA*, 156 S.W.3d 536, 537-38 (Tenn. Ct. App. 2004) (internal citations omitted).

In the case at bar, the trial court stated in its final order that (1) Mr. Thompson had submitted documents extraneous to Auto Owners' complaint, (2) it did not exclude these documents, and (3) it treated Mr. Thompson's motion to dismiss as a motion for summary judgment. Although the court did not identify the extraneous information, based upon our review of the record, the court appeared to be referencing Mr. Thompson's statement of undisputed material facts and affidavit. On appeal, Mr. Thompson does not dispute that the trial court properly considered his motion to dismiss as one for summary judgment. In addition, although Mr. Thompson filed his motion as a Rule 12.02(6) motion to dismiss, he also filed a statement of undisputed material facts pursuant to Tennessee Rule of Civil Procedure 56.03. Mr. Thompson further filed an affidavit, contesting the allegations in the complaint. *See Patton*, 242 S.W.3d at 786-87 ("Matters outside the pleadings may include affidavits . . . ."). Therefore, Mr. Thompson did not merely request that the court consider the sufficiency of Auto Owners' complaint; rather, he introduced new evidence to contest Auto Owners' allegations. As such, the court acted properly in treating Mr. Thompson's motion to dismiss as a motion for summary judgment.

Nevertheless, despite stating in its order that it would treat Mr. Thompson's motion as one for summary judgment, the trial court also found that Auto Owners had "failed to state a claim upon which relief can be granted" pursuant to Rule 12.02(6). Inasmuch as the court acknowledged that it had considered evidence outside Auto Owners' complaint and treated Mr. Thompson's motion to dismiss as a motion for summary judgment, we determine the court's finding as to the sufficiency of Auto Owners' pleadings to have been made in error.

With respect to the trial court's decision to grant Mr. Thompson's converted motion for summary judgment under Rule 56, we consider Rule 56.04, which provides in pertinent part: "The trial court shall state the legal grounds upon which the court denies or grants the motion, which shall be included in the order reflecting the court's ruling." This requirement was the product of a 2007 amendment by the legislature. *See Smith*, 439 S.W.3d at 313-14. In *Smith*, our High Court elucidated the purposes of this amendment, stating:

> The changes to Tenn. R. Civ. P. 56.04 were intended to address two concerns. First, they reflect the growing awareness of both the Advisory Commission and this Court that explanations of the basis for judicial decisions promote respect for and acceptance of not only the particular decision but also for the legal system. Second, skeletal orders containing no explanation of the reasons for granting the summary judgment were complicating the ability of the appellate courts to review the trial court's decision. *See, e.g.*, *Church v. Perales*, 39 S.W.3d 149, 157 (Tenn. Ct. App.

2000) (noting that skeletal orders lacking a statement of grounds required appellate courts to "perform the equivalent of an archeological dig [to] endeavor to reconstruct the probable basis for the [trial] court's decision") (quoting *Camilo-Robles v. Hoyos*, 151 F.3d 1, 8 (1st Cir. 1998)).

> Despite the amendments to Tenn. R. Civ. P. 56.04 making the statement of grounds mandatory, the Court of Appeals has been reticent to vacate summary judgment orders that plainly do not comply with Tenn. R. Civ. P. 56.04 and to remand them to the trial court for further consideration. The court continues to conduct archeological digs and to review summary judgment orders when the basis for the trial court's decision can be readily gleaned from the record and to remand the case only when their practiced eyes cannot discern the grounds for the trial court's decision.

> We readily agree that judicial economy supports the Court of Appeals' approach to the enforcement of Tenn. R. Civ. P. 56.04 in proper circumstances when the absence of stated grounds in the trial court's order does not significantly hamper the review of the trial court's decision. However, in the future, the resolution of issues relating to a trial court's compliance or lack of compliance with Tenn. R. Civ. P. 56.04 should also take into consideration the fundamental importance of assuring that a trial court's decision either to grant or deny a summary judgment is adequately explained and is the product of the trial court's independent judgment.

*Id.* Furthermore, this Court has described Rule 56.04's requirements as "specific and without exception." *Winn v. Welch Farm, LLC*, No. M2009-01595-COA-R3-CV, 2010 WL 2265451, at *5 (Tenn. Ct. App. June 4, 2010).

With Rule 56.04's mandate in mind, we conclude that the trial court's order did not sufficiently explain the court's legal reasoning for granting Mr. Thompson's motion for summary judgment. The court noted only that Auto Owners did not dispute Mr. Thompson's statement of undisputed material facts. This Court, however, has previously vacated an order in which the trial court provided a similarly skeletal explanation. *See Potter's Shopping Ctr., Inc. v. Szekely*, 461 S.W.3d 68, 72 (Tenn. Ct. App. 2014).

In *Potter's Shopping Ctr.*, the trial court's order granting summary judgment stated only that "there exists no undisputed material fact in this cause of action, and as a matter of law, Plaintiff is entitled to judgment against Defendants in quantum meruit." *Id.* On appeal, this Court vacated the trial court's order granting summary judgment, concluding that the trial court had failed to state the legal grounds for the court's decision in its order and that the trial court "did not recite any evidence or argument it considered in making the decision to grant summary judgment." *Id.* This Court further determined that the case did not involve "proper circumstances" in which the absence of stated reasons would not

have hindered appellate review inasmuch as the record did not "contain a transcript of the hearing on the motion for summary judgment or any other indication of the legal grounds for the trial court's decision." *Id.* (quoting *Smith*, 439 S.W.3d at 314). In addition, the parties' filings indicated the existence of several disputed facts. *Potter's Shopping Ctr.*, 461 S.W.3d at 72.

Similarly, in the present case, the record does not contain a transcript of the summary judgment motion hearing. The trial court in its order noted only that Auto Owners did not dispute Mr. Thompson's statement of undisputed material facts and that Auto Owners' complaint failed to state a claim upon which relief could be granted, a finding incorrectly made pursuant to Rule 12.02. Although the court found that Auto Owners had not disputed Mr. Thompson's statement of undisputed material facts, it did not explain how these admitted facts either negated an essential element of Auto Owners' claim or demonstrated how Auto Owners' evidence at that stage was insufficient to establish its claim. As this Court previously noted in *Potter's Shopping Ctr.*: "The judgment at issue involves questions of law that require analysis and explanation," and "[w]e cannot proceed with a review, speculating on the legal theories upon which the trial court may have ruled and the legal conclusions the trial court may have made." *Id.* (quoting *Winn*, 2010 WL 2265451, at *6).

In a prior summary judgment matter, this Court affirmed the trial court's order granting summary judgment when the nonmoving party failed to respond to the moving party's statement of undisputed material facts. *Brennan v. Goble*, No. E2020-00671-COA-R3-CV, 2021 WL 2156443, at *8 (Tenn. Ct. App. May 27, 2021). The *Brennan* Court concluded that the trial court had complied with Rule 56.04 because it "gave its reasoning for deeming as admitted Defendant's statement of material facts, made findings of fact based upon the material facts contained therein, and applied those facts to the law in making its decision that Defendant had negated an essential element of Plaintiff's case." *Id.* As *Brennan* illustrates, the summary judgment analysis does not end with deeming undisputed facts admitted. The court must also make findings concerning the materiality of the undisputed facts and apply those facts to the law. In the instant case, the trial court in its order addressed only whether Auto Owners disputed Mr. Thompson's statement of undisputed material facts rather than also evaluating whether these undisputed facts negated Auto Owners' claim. The trial court's order ultimately does not provide sufficient legal grounds for its decision to grant Mr. Thompson's motion.

On appeal, Mr. Thompson contends:

> In this case, the trial court, analyzing Mr. Thompson's motion according to Tenn. R. Civ. P. 56, found that [] Mr. Thompson had demonstrated that no account existed. The court concluded that, without an account, [Auto Owners'] complaint failed to state a claim as a matter of law.

However, there is no transcript of the hearing in the record to support Mr. Thompson's assertion that the trial court found that no account existed or that this served as the basis for its decision to grant Mr. Thompson's motion for summary judgment. Even if there had been a transcript included in the record supporting Mr. Thompson's assertion, the trial court failed to include such reasoning in its order. *See City of Oak Ridge v. Levitt*, 493 S.W.3d 492, 503 (Tenn. Ct. App. 2015) ("In Tennessee, courts generally speak through written orders rather than oral rulings.").

Furthermore, Mr. Thompson proffers an argument based on the standard for Rule 12.02(6) motions to dismiss in asserting that the trial court concluded that "without an account, [Auto Owners'] complaint failed to state a claim as a matter of law." In addressing a motion for summary judgment, the trial court does not address the issue of whether the complaint states a claim as a matter of law; rather, the court is tasked with addressing whether the moving party has (1) negated an essential element of the nonmoving party's claim or (2) demonstrated that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense. *See Rye*, 477 S.W.3d at 264. Thus, Mr. Thompson conflates Rule 56 with Rule 12.02(6). The trial court acknowledged that it did not exclude extraneous evidence outside of the complaint and stated that it treated Mr. Thompson's motion to dismiss as a motion for summary judgment. Therefore, we must review the trial court's order as one granting a Rule 56 motion for summary judgment rather than a Rule 12.02(6) motion to dismiss.

In carefully reviewing the record and considering the parties' arguments, we conclude that the trial court erred in (1) finding that Auto Owners' complaint failed to state a claim upon which relief could be granted pursuant to Rule 12.02(6) after converting Mr. Thompson's motion to dismiss into a motion for summary judgment and (2) failing to provide sufficient legal grounds for its decision in compliance with Rule 56.04. We therefore vacate the trial court's order and remand for further proceedings consistent with this opinion and Rule 56.04.

## V. Motion to Amend Complaint

Auto Owners also argues that the trial court erred by denying its request for leave to amend its complaint. In Auto Owners' response to Mr. Thompson's motion to dismiss, it requested: "Alternatively, if the Court were to find that [Auto Owners'] Complaint is insufficient in any way, [Auto Owners] respectfully requests permission to amend its Complaint." Auto Owners asserts that the trial court orally denied its request to amend the complaint during the summary judgment hearing and stated that Auto Owners was required to file a separate motion to amend accompanied by a proposed amended complaint. However, no such ruling appears in the trial court's written order. *See City of Oak Ridge*, 493 S.W.3d at 503 (noting that Tennessee courts "generally speak through written orders").

- 10 -

In addition, based on our thorough review of the record, it appears that Auto Owners failed to provide to the trial court the substance of its intended amendment. In its response to Mr. Thompson's motion to dismiss, Auto Owners merely requested that the court grant it leave to amend its complaint in the event the court agreed with Mr. Thompson that its complaint was insufficient to support a claim. Auto Owners, however, never filed a proposed amended complaint.

As this Court has previously elucidated in a case involving similar circumstances:

> [I]t would be impossible for this Court to reverse the trial court for failing to allow the amendment, even if it were clear that the court did fail to do so. Unless the record before us shows the substance of a proposed amendment and that it was filed in the trial court, we cannot determine what was before that court or whether the court acted properly on the motion to amend. The proper way to request the court for leave to amend under Rule 15 is to attach a copy of the proposed amendment to the motion so that it becomes part of the record at that time, regardless of what action the trial court takes or fails to take on it. This procedure ensures that the appellate courts know exactly what amendment the trial court was asked to allow. It is only with such knowledge that the trial court's decision can be reviewed.

*Taylor v. Nashville Banner Publ'g Co.*, 573 S.W.2d 476, 484 (Tenn. Ct. App. 1978) (emphasis added). Like the plaintiff in *Taylor*, Auto Owners requested only that the court grant it leave to amend its complaint but did not file a proposed amended complaint or otherwise inform the court of the substance of its intended amendment. As such, we are unable to address this issue.

## VI. Conclusion

For the foregoing reasons, we vacate the trial court's order granting Mr. Thompson's motion for summary judgment and remand for further proceedings consistent with this opinion and Tennessee Rule of Civil Procedure 56. Costs on appeal are taxed equally to the appellant, Auto Owners Insurance, and to the appellee, Phillip H. Thompson, III. This case is remanded to the trial court for further proceedings and collection of costs assessed below.

s/ Thomas R. Frierson, II
THOMAS R. FRIERSON, II, JUDGE

- 11 -