

# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
November 21, 2016 Session

## PAUL KOCZERA, ET AL. v. CHRISTI LENAY FIELDS STEELE, ET AL.

**Appeal from the Circuit Court for Anderson County**
**No. BOLA0425     John D. McAfee, Judge**

_____

### No. E2015-02508-COA-R3-CV

_____

Plaintiffs brought suit asserting that defendants' negligence prevented the proper defendant from being served with process in a healthcare liability action, as a result of which that defendant was dismissed from the suit. Contemporaneously with answering the complaint, Defendants moved for summary judgment on various grounds. Plaintiffs responded to the motion, disputing certain material facts and asking for additional time to conduct discovery. After settlement was reached in the healthcare liability suit, Plaintiffs filed a motion to dismiss their suit on the ground of mootness. The trial court denied plaintiffs' motions for additional time for discovery and to dismiss their suit and granted Defendants' motion for summary judgment. Plaintiffs thereafter filed a motion for default judgment against one defendant, which the trial court denied. Plaintiffs appeal the various rulings of the court. Upon our review, we affirm the denial of Plaintiffs' motions for default judgment, to dismiss their complaint, and for additional time to conduct discovery in order to respond to the motion for summary judgment; we vacate the order granting summary judgment and remand the case for further proceedings.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part and Vacated in Part; Case Remanded

RICHARD H. DINKINS, J., delivered the opinion of the court, in which, CHARLES D. SUSANO, JR. and THOMAS R. FRIERSON, II, JJ., joined.

Wanda McClure Dry, Danville, Kentucky, for the appellants, Paul Koczera and Jolene Koczera.

Wynne du M. Caffey, Knoxville, Tennessee, for the appellees, Christi Lenay Fields Steele; Randall E. Pearson, M.D.; Oak Ridge Urology Associates, Tennessee Urology Associates, PLLC; and Tennessee Urology Associates, PLLC d/b/a Oak Ridge Urology Associates.

**OPINION**

## I. PROCEDURAL HISTORY

Plaintiffs Paul and Jolene Koczera are a married couple who previously filed a healthcare liability action against Dr. Laurence O'Connor and other defendants, including Oak Ridge Urology Associates ("the O'Connor suit"). Christi Steele, the office manager for Oak Ridge Urology Associates, was served with Dr. O'Connor's process and gave the complaint and summons to another doctor ("Dr. Pearson"), who gave them to Dr. O'Connor. Dr. O'Connor filed an answer in the suit, in which, *inter alia*, he asserted the defense of insufficiency of service of process, contending that Ms. Steele was not authorized to accept service of process on his behalf; on the basis of that defense, Dr. O'Connor was dismissed as a defendant.

Plaintiffs then filed the lawsuit that led to this appeal on September 10, 2010, against Ms. Steele, Dr. Pearson, Oak Ridge Urology Associates, Tennessee Urology Associates, PLLC, and Tennessee Urology Associates, PLLC d/b/a Oak Ridge Urology Associates, alleging that the negligence and negligent misrepresentation of those parties prevented Dr. O'Connor from being properly served and resulted in his dismissal from the suit; they sought $1.5 million in damages.

Defendants filed their answer on October 13 denying liability, asserting that Plaintiffs failed to serve process on Tennessee Urology Associates, PLLC, and pleading the defenses of comparative fault, intervening cause, and "res judicata and/or collateral estoppel." Contemporaneously with the answer, Defendants filed a motion for summary judgment, asserting that they owed no duty to Plaintiffs, they did not act unreasonably, they did not cause any damage or injury to Plaintiffs, that Plaintiffs suffered no damages, and that Plaintiffs' counsel was negligent in failing to secure service of process on Dr. O'Connor. Defendants supported the motion with a statement of undisputed facts supported by ten exhibits: the return filed by the sheriff's deputy who served Dr. O'Connor's copy of the complaint; the deposition of Ms. Steele taken in the O'Connor suit; the affidavit of Dr. Pearson; the answer filed by Dr. O'Connor and Oak Ridge Urology Associates in the O'Connor suit; the order dismissing Dr. O'Connor from the O'Connor suit; the affidavit of Plaintiffs' counsel's paralegal; an order entered by the Court of Appeals in the O'Connor suit denying application for interlocutory appeal; one page from the transcript of a May 21, 2010 hearing in the O'Connor suit; and two records from the Board of Professional Responsibility.[1]

On November 3, 2010, the Circuit Judge entered an order recusing himself and designating a judge to hear the case by interchange. On December 14, Plaintiffs filed a

---

[1] Each record contained a list of lawyers and showed that neither Ms. Steele nor Dr. Pearson were listed as Tennessee attorneys.

response to the motion for summary judgment, requesting that the hearing on the motion be postponed for several reasons, including Defendants' attorney's failure to provide dates for requested depositions and the fact that no discovery had taken place. Plaintiffs argued that "[b]ecause of the lack of discovery . . . a response on the merits to the Motion for Summary Judgment is impossible at this time." On December 28, Plaintiffs filed a document styled "Motion To Dismiss, As Moot," asking that the action be dismissed due to the settlement of the underlying healthcare liability action. Defendants opposed the motion.

On February 14, 2011, Plaintiffs filed a response to Defendants' statement of undisputed material facts, specifically disputing three of the statements, and responding to several of the statements in this manner:

> Plaintiffs agree that this fact is undisputed for purposes of ruling on the motion for summary judgment only. (Plaintiffs may dispute this fact later, because [the deputy, Ms. Steele, Dr. Pearson, and Dr. O'Connor] ha[ve] not yet been deposed . . . . Plaintiffs will not know whether or not this fact will be disputed [ . . . ] until discovery depositions of those people are taken.)

Plaintiffs also asserted additional statements of undisputed fact. In their response to Defendants' statement as well as in support of their statements of undisputed fact, Plaintiffs relied on the pleadings and the deposition of Ms. Steele taken in the O'Connor suit and the complaint in the present suit. Plaintiffs also filed a memorandum opposing summary judgment, again raising the lack of discovery and arguing that the case should be dismissed as moot "because a settlement was reached in the underlying medical malpractice case, so that, as of today, Plaintiffs are willing to forego the pursuit of the remaining damages."

On February 23, a hearing was held on the Defendants' motion for summary judgment, Plaintiffs' motion to dismiss, and Plaintiffs' request that the motion for summary judgment be delayed until discovery could be completed. The court denied Plaintiffs' request for a continuance to conduct additional discovery as well as their motion to dismiss; the court granted Defendants' motion for summary judgment. The court's oral rulings were incorporated into a written order, entered on June 29.

Before the oral ruling was memorialized in an order, Plaintiffs moved for a default judgment against Oak Ridge Urology Associates on the basis that it never filed an answer to the complaint. Defendants filed a response, asserting that the Answer "made clear that the Answer was filed on behalf of the urology practice and that the naming of Oak Ridge Urology Associates as a stand-alone party was incorrect. By making these denials and averments, the Answer was filed on behalf of Oak Ridge Urology Associates . . ." The trial court did not rule on this motion.

3

After entry of the June 29 order, Plaintiffs appealed; this Court dismissed the appeal due to lack of a final judgment on September 15, 2011, due to the pending motion for default judgment. On October 26, 2015, Plaintiffs gave notice of a hearing on the motion for default judgment. After a hearing, the trial court entered an order denying the motion for default judgment. Plaintiffs now appeal, raising the following issues for our review:

1. Did the trial court err by denying Plaintiffs'/Appellants' Motion to Dismiss as Moot?
2. Did the trial court abuse its discretion by failing to permit Plaintiffs/Appellants to take a voluntary dismissal?
3. Did the trial court abuse its discretion in 2015, by denying Plaintiffs'/Appellants' Motion for Default judgment against Oak Ridge Urology Associates?
4. Did the trial court abuse its discretion by denying Plaintiffs/Appellants the opportunity to take any discovery prior to granting Defendants'/Appellees' Motion for Summary Judgment?
5. Did the trial court err in 2010, by granting summary judgment with respect to Ms. Steele, Dr. Pearson, and Tennessee Urology Associates, PLLC?
6. Did the trial court abuse its discretion, in 2015, by granting summary judgment *nunc pro tunc* with respect to Oak Ridge Urology Associates?

Defendants raise the following issues:

1. . . . Under these circumstances, do the party's co-workers and employer owe a duty to the plaintiffs to assist in perfecting service of process on the party?
2. Whether a lawsuit is rendered moot by the settlement of a different lawsuit involving different parties, different facts, and different damages, and the prevailing party is still entitled to judicial relief based on the disposition of the lawsuit.
3. Whether, while a motion for summary judgment was pending, the trial court appropriately exercised its discretion to deny plaintiffs' subsequently filed motion to dismiss their lawsuit.
4. Whether the trial court appropriately denied Plaintiffs' motion for default judgment against a defendant who lacked capacity to sue or be sued when the trial court had also already resolved the matter on its merits.

4

## II. STANDARD OF REVIEW

Review of the trial court's findings of fact is *de novo* upon the record accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Kaplan v. Bugalla*, 188 S.W.3d 632, 635 (Tenn. 2006). The trial court's conclusions of law are subject to *de novo* review with no presumption of correctness. *Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn. 2004) (citing *Southern Constructors, Inc. v. Loudon Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001); *Presley v. Bennett*, 860 S.W.2d 857, 859–60 (Tenn. 1993)).

## III. ANALYSIS

We first address Plaintiffs' argument that Oak Ridge Urology Associates ("Oak Ridge") is a separate entity from Tennessee Urology Associates, and because it was not included in Tennessee Urology Associate's motion for summary judgment, the claims against it remained after summary judgment was granted.

The complaint names Oak Ridge, Tennessee Urology Associates, PLLC and "Tennessee Urology Associates, PLLC d/b/a Oak Ridge Urology Associates" as defendants. The complaint goes on to state that "At all relevant times, Defendant, Tennessee Urology Associations, PLLC, d/b/a/ Oak Ridge Urology Associates was a corporation operating in the state of Tennessee under a non-registered assumed name of Oak Ridge Urology Associates, an unincorporated association or organization." Defendants denied this allegation and asserted in their Answer that "Oak Ridge Urology Associates is the 'name' of TUA's Oak Ridge office; however, Tennessee Urology Associates, PLLC is identified as the name of the practice on both the office door and medical records generated by the practice."[2] Plaintiffs cite no authority for their argument that "under Tennessee law, [Oak Ridge] should be considered an unincorporated business association that could sue and be sued." Tennessee Urology Associates answered on behalf of Oak Ridge and explained that Oak Ridge is a trade name used by Tennessee Urology Associates. On the record before us, Oak Ridge is not a separate entity, and the court did not err in denying Plaintiffs' motion for default judgment against Oak Ridge or in holding that Oak Ridge was included in any references to Tennessee Urology Associates, PLLC or "the group."

We next address the issues arising from Plaintiffs' efforts to voluntarily dismiss this case. Plaintiffs filed a motion, entitled "Motion To Dismiss, As Moot," seeking to voluntarily dismiss the suit on the basis of the settlement of the O'Connor suit. There is, however, no provision in the Tennessee Rules of Civil Procedure for such a motion. To

---

[2] The answer was styled "DEFENDANTS CHRISTI LENAY STEELE'S, RANDALL E. PEARSON, M.D.'S, AND TENNESSEE UROLOGY ASSOCIATES, PLLC'S (IMPROPERLY SUED AS OAK RIDGE UROLOGY ASSOCIATES) ANSWER TO COMPLAINT."

the contrary, Tennessee Rules of Civil Procedure 41.01(1) provides that a Plaintiff has an absolute right to voluntarily dismiss an action, subject to certain exceptions,[3] one of which is "when a motion for summary judgment is pending." Notwithstanding this language, the Tennessee Supreme Court has held that a trial court, "in the exercise of [its] sound judicial discretion," has the authority to grant a voluntary dismissal while a motion for summary judgment is pending, "upon a proper showing." *Stewart v. University of Tennessee*, 519 S.W.2d 591, 593 (Tenn. 1974).[4] Accordingly, we consider this matter under the abuse of discretion standard.

A trial court abuses its discretion "when it causes an injustice to the party challenging its decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). In their brief, Plaintiffs argue that Defendants filed the motion for summary judgment and did not raise a statute of limitations defense in their answer solely in an effort to preserve the ability to pursue a malicious prosecution suit. The record before us does not support their argument, and we do not presume such motives on the part of Defendants nor do we think, if true, the motives would be inappropriate. Defendants were entitled to file the motion for summary judgment and argued that dismissing their case pursuant to Plaintiffs' motion would affect their ability to bring a malicious prosecution claim in the future. Under the procedural posture of the case, Plaintiffs'

---

[3] Rule 41.01(1) reads in pertinent part:

> (1) Subject to the provisions of Rule 23.05, Rule 23.06, or Rule 66 or of any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties, and if a party has not already been served with a summons and complaint, the plaintiff shall also serve a copy of the complaint on that party; or by an oral notice of dismissal made in open court during the trial of a cause[.]

Tenn. R. Civ. P. 41.01.

[4] In *Stewart*, the Supreme Court was called upon to determine whether, under Rule 41.01, a trial court may grant a nonsuit or dismissal without prejudice during the pendency of a summary judgment motion. 592 S.W.2d at 592. The plaintiff brought a tort action, and defendants moved for summary judgment. *Id.* On the date of the hearing, Plaintiff's counsel moved for a non-suit, without prejudice. *Id.* Counsel for all parties signed the order of dismissal. *Id.* Plaintiff subsequently filed a second complaint based upon the same cause of action, and defendants again filed a motion for summary judgment, arguing that plaintiff's previous dismissal was with prejudice and therefore *res judicata* applied. *Id.* The trial court granted the motion, and on appeal the Supreme Court reviewed the circumstances of the entry of the order in the first case and reversed the grant of summary judgment in the second case, holding that "aside from the assent of counsel to the voluntary dismissal order, the trial judge, in the exercise of [its] sound judicial discretion, had the authority to grant plaintiff's motion, upon a proper showing." *Id.* at 592, 593.

ability to voluntarily dismiss the case was subject to the trial court's discretion, and we fail to see that the court abused its discretion in denying the Plaintiffs' motion to dismiss.

We turn now to the question of whether the court erred in granting summary judgment. Our Supreme Court has opined:

> Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness.
>
> * * *
>
> [I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. ... The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

*Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250, 264-65 (Tenn. 2015).

In their initial response to Defendants' motion for summary judgment, Plaintiffs requested that the hearing on the motion be postponed in order for them to conduct discovery. Plaintiffs reiterated this request in their response to Defendants' statement of material facts and in their supplemental response to the motion. At the hearing on the motions, the trial court denied their request for additional time for discovery, holding that "I don't think that's necessary. The Court has enough information in prior discovery in this case to make a ruling concerning this issue."

In *Denton v. Taylor*, this Court observed that it is appropriate for a party opposing summary judgment to request time and an opportunity to conduct discovery where necessary to address a properly supported motion:

> [Nonmoving] parties may deflect a summary judgment motion challenging their ability to prove an essential element of their case by (1) pointing to evidence either overlooked or ignored by the moving party that creates a factual dispute, (2) rehabilitating evidence challenged by the moving party,

7

(3) producing additional evidence that creates a material factual dispute, or (4) *submitting an affidavit in accordance with Tenn. R. Civ. P. 56.07 requesting additional time for discovery*.

No. E2015-01726-COA-R3-CV, 2016 WL 4042051, at *5 (Tenn. Ct. App. July 25, 2016) (quoting and adding emphasis to *Regions Financial Corp. v. Marsh USA, Inc.*, 310 S.W.3d 382, 401 (Tenn. Ct. App. 2009)) (internal citations omitted); see also *Cardiac Anesthesia Servs., PLLC v. Jones*, 385 S.W.3d 530, 537 (Tenn. Ct. App. 2012). Further, we have held:

> If the plaintiff is faced with a motion for summary judgment and is not yet prepared to offer expert proof in response to the motion, he may, under appropriate circumstances, seek a continuance under Rule 56.07 of the Tennessee Rules of Civil Procedure. Rule 56.07 "is intended to serve as an additional safeguard against an improvident or premature grant of summary judgment." *Kenyon v. Handal*, 122 S.W.3d 743, 753 n. 7 (Tenn. Ct. App. 2003). A court considering a request for a continuance filed under Rule 56.07 must balance the Rule's protective purpose against the potential for its use "to aid parties who have been lazy or dilatory." *Id*.

*Denton,* 2016 WL 4042051, at *5 (quoting *Gilchrist v. Aristorenas*, No. W2007-01919-COA-R3-CV, 2008 WL 4981103, at *5 (Tenn. Ct. App. Nov. 24, 2008) (footnote and internal citations omitted). In this case, Plaintiffs' response to the motion for summary judgment included the following:

> Plaintiffs have requested discovery, but to date, Mr. Walker has not cooperated by providing dates for the requested depositions. Because of the lack of discovery, which Plaintiffs believe will prove their case, a response on the merits to the Motion for Summary Judgment is impossible at this time.

However, the plaintiffs did not make any of these "need for discovery" responses under oath, which is mandatory under Tenn. R. Civ. P. 56.07,[5] which specifically requires "affidavits."

---

[5] Rule 56.07 reads as follows:

> Should it appear from the affidavits of a party opposing the motion that such party cannot for reasons stated present by affidavit facts essential to justify the opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Tenn. R. Civ. P. 56.07.

We review a court's decision to deny additional time for discovery under an abuse of discretion standard. *Denton*, 2016 WL 4042051, at *3; *Regions Fin. Corp.*, 310 S.W.3d at 401. As we have previously stated, an abuse of discretion occurs when a court "causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Lee Med.*, 312 S.W.3d at 524. The trial court's decision was not illogical or unreasonable in light of the correct legal standard, Rule 56.07. Because Plaintiffs failed file an affidavit setting forth facts to justify the need for additional time for discovery, the court's decision to deny additional discovery does not constitute an abuse of discretion. *See, e.g., Fed. Nat'l Mortg. Assoc. v. Daniels*, No. W2015-00999-COA-R3-CV, 2015 WL 9304278, at *7 (Tenn. Ct. App., filed Dec. 21, 2015) (holding that "because [the nonmoving party] failed to comply with Rule 56.07, we conclude that the Circuit Court did not abuse its discretion in denying his request for further discovery"); *Kenyon v. Handal*, 122 S.W.3d 743, 765 n.7 (Tenn. Ct. App. 2003) (noting that "[m]otions under Tenn. R. Civ. P. 56.07 must be accompanied by an affidavit explaining why the non-moving party has not been able to obtain and present the evidentiary material needed to oppose the summary judgment motion"); *Hughes v. Effler*, No. E2000-03147-COA-R3-CV, 2001 WL 881352, at *2 (Tenn. Ct. App. Aug. 7, 2001) (noting that "Tenn. R. Civ. P. Rule 56.07 presupposes that the opponent of the motion seeking a continuance will set forth facts in an affidavit essential to justify the continuance").

After ruling that additional discovery was not necessary to resolve the motion, the following portion of the transcript of the hearing on the motions, which was incorporated into the June 29 order, states the basis for the court's decision to grant summary judgment:

> . . . I don't foresee a duty based on the facts and circumstances at the present, and furthermore, the causation issue and the damage issue, I don't -- I don't even see that.

The body of the June 29 order states summarily that "Defendants' Motion for Summary Judgment is GRANTED."

Tennessee Rules of Civil Procedure 56.04 says, in pertinent part, "The trial court shall state the legal grounds upon which the court denies or grants the motion, which shall be included in the order reflecting the court's ruling." The importance of having orders that conform with Rule 56.04 was discussed in *Potter's Shopping Ctr., Inc. v. Szekely*:

> In 2007, Tennessee Rule of Civil Procedure 56.04 was amended to require trial courts to "state the legal grounds upon which the court denies or grants the [summary judgment] motion," and to include such statement

9

in the order reflecting the court's ruling. In part, the change to Rule 56.04 was intended to enable reviewing courts to easily ascertain the legal basis for the trial court's decision. *Smith v. UHS of Lakeside, Inc.,* 439 S.W.3d 303, 313–14 (Tenn. 2014). Indeed, this Court has stated that "[w]hen the legal grounds for the trial court's decision are omitted, a reviewing court cannot analyze the decision's validity, and appellate review becomes unnecessarily speculative." *Winn v. Welch Farm, LLC,* No. M2009-01595-COA-R3-CV, 2010 WL 2265451, at \*5 (Tenn. Ct. App. June 4, 2010).

The requirements of the current version of Rule 56.04 are "specific and without exception." *Id.* (citing Tenn. R. Civ. P. 56.04). . . .

461 S.W.3d 68, 70 (Tenn. Ct. App. 2014) (footnote omitted).

Neither the oral ruling nor the order explains the basis upon which the trial court determined that Defendants had successfully negated essential elements of the Plaintiffs' claims or why the materials cited in Plaintiff's statement of additional material facts did not establish their claims or create a genuine issue of material fact. In the absence of such an explanation, we are left to speculate as to the basis of the court's ruling, which we decline to do.

## IV. CONCLUSION

For the foregoing reasons, we affirm the denial of Plaintiffs' motion for default judgment against Oak Ridge Urology Associates; we affirm the denial of Plaintiff's motion to dismiss; we affirm the denial of Plaintiffs' request for additional time to conduct discovery; and we vacate the grant of summary judgment to Defendants and remand the case for entry of an order that complies with Rule 56.04.

RICHARD H. DINKINS, JUDGE