FILED
11/28/2018
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 18, 2018 Session

## RAYMOND BERTUCCELLI ET AL. v. CARL MARK HAEHNER ET AL.

**Appeal from the Circuit Court for Washington County**
**No. 34670     Jean A. Stanley, Judge**

_____

### No. E2017-02068-COA-R3-CV

_____

Appellants appeal the trial court's order granting Appellees' motion for summary judgment "as to all remaining issues" asserted by Appellants in their complaint. In its order granting summary judgment, the trial court failed to state the legal grounds on which it granted summary judgment on the remaining claims as required by Tennessee Rule of Civil Procedure 56.04. In the absence of such grounds, this Court cannot make a meaningful review of the trial court's decision. We, therefore, vacate the trial court's final order and remand the case for further proceedings. Vacated and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Francis X. Santore, Jr., Greeneville, Tennessee, for the appellants, Raymond Bertuccelli and Mildred Bertuccelli.

Christopher D. Owens and Matthew F. Bettis, Johnson City, Tennessee, for the appellees, Carl Mark Haehner and Wanda Jean Haehner.

### OPINION

On August 6, 2015, Raymond Bertuccelli and his wife, Mildred Bertuccelli (together "Appellants") filed a complaint against their next door neighbors, Carl and Wanda Haehner (together "Appellees"). Appellants' complaint alleged that Appellees: diverted water onto their property causing damage to the foundation of Appellants' home; contacted various government entities to complain about the construction of Appellants'

home; sprayed weed killer on Appellants' property causing damage to their plants; and screamed and cursed at Appellants on a regular basis. Appellants' complaint further alleged that Appellees' actions constituted the following tortious acts: (1) trespass and encroachment on Appellants' property; (2) false harassment; (3) creation of a continuing nuisance by diverting water to Appellants' property and denying Appellants the enjoyment of their property by bizarre behavior; (4) intentional infliction of emotional distress; and (5) negligent infliction of emotional distress. Appellants sought compensatory damages in the amount of $200,000 and punitive damages in the amount of $300,000.

On September 4, 2015, Appellees filed a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss. On February 8, 2016, the trial court granted the motion to dismiss on the claims of false harassment, intentional infliction of emotional distress, and negligent infliction of emotional distress. The motion to dismiss was denied as to nuisance and trespass claims. On February 29, 2016, Appellees filed their answer, wherein they admitted they contacted various government agencies to complain about Appellants, but denied Appellees' remaining allegations.

On October 24, 2016, Appellees filed a motion for partial summary judgment, wherein they argued that Appellants could not maintain their cause of action for nuisance arising from communications between Appellees and certain state and local governments. Specifically, Appellees argued that Tennessee Code Annotated section 4-21-1003(a) provides immunity to a person providing information to a government agency "regarding a matter of concern to that agency." Tenn. Code Ann. § 4-21-1003(a). By order dated February 28, 2017, the trial court granted Appellees' motion for partial summary judgment concerning the above referenced nuisance claim.

On June 5, 2017, Appellees filed another motion for partial summary judgment on Appellants' claims regarding trespass and nuisance for diversion of water. On July 14, 2017, Appellees filed a supplemental motion for partial summary judgment addressing trespass by the use of weed killer. Appellants never filed a response to Appellees' second motion for partial summary judgment or their supplemental motion for partial summary judgment. In their motions, Appellees alleged that Appellants could not prove trespass because Mr. Haehner merely counted the number of pipes from outside Appellants' property and never physically entered Appellants' property. Furthermore, Appellees asserted that Appellants could not prove trespass by the use of weed killer because they had no evidence that weed killer was sprayed by Appellees as alleged in their complaint. As to the claim of nuisance by diversion of water, Appellees argued that Appellants could not prove any run off water came from Appellees' property. In support of this argument, Appellees cited the testimony of Appellants' witness that the water damage could have been caused by "various things."

Faced with a lack of evidentiary support for their allegations, Appellants

- 2 -

consented to Appellees' motions concerning claims "relating to nuisance and/or trespass resulting from home foundation damage or vegetation damage." Consequently, an order dismissing these claims with prejudice was entered by the trial court on August 22, 2017. Following a hearing on the remaining trespass claim, the trial court granted summary judgment in favor of Appellees. The trial court's "final order," which was entered on September 18, 2017, states only that "[Appellees'] supplemental motion for summary judgment and motion for summary judgment are hereby granted and thus all claims and causes of action set forth in the complaint are hereby dismissed with prejudice." Appellants appeal. The sole issue for review is whether the trial court erred in its final order by dismissing all of Appellants claims by summary judgment.

In *Winn v. Welch Farm, L.L.C*., No. M2009-01595-COA-R3-CV, 2010 WL 2265451 (Tenn. Ct. App. June 4, 2010), this Court discussed the Rule 56.04 requirement:

> In 2007, Tennessee Rule of Civil Procedure 56.04 was amended to require the trial court to "state the legal grounds upon which the court denies or grants the motion," and to include such statement in the order reflecting the trial court's ruling. When the legal grounds for the trial court's decision are omitted, a reviewing court cannot analyze the decision's validity, and appellate review becomes unnecessarily speculative. "Without such a statement ... a reviewing court is left to wonder on what grounds the trial court granted the motion for summary judgment." *Eluhu v. HCA Health Servs. of Tenn. Inc.*, No. M2008-01152-COA-R3-CV, 2009 WL 3460370, at *21 [(Tenn. Ct. App. Oct. 27, 2009)]. The 2007 amendment to Tenn. R. Civ. P. 56.04 was intended to cure this problem. The Rule's requirements are specific and without exception. Tenn. R. Civ. P. 56.04; see also *Eluhu*, 2009 WL 3460370, at *21 (vacating the trial court's grant of summary judgment upon finding that the trial court did not state the legal grounds upon which the trial court granted the motion); *Burse v. Hicks*, No. W2007-02848-COA-R3-CV, 2008 WL 4414718, at *2 (Tenn. Ct. App. Sept. 30, 2008) (finding noncompliance with Rule 56.04 where trial court's order merely provided "it is hereby ordered, adjudged and decreed that the Motion for Summary Judgment of [the defendant] is well taken and should be granted pursuant to law and there being no material disputed fact," but proceeding with appellate review upon a finding that there was only a "clear legal issue").

*Winn*, 2010 WL 2265451, at *5. Relying on *Winn*, in *Ragland v. Morrison*, No. W2013-00540-COA-R3-CV, 2013 WL 4805624 (Tenn. Ct. App. Sept. 10, 2013), this Court held that it could not perform its reviewing function due to the trial court's failure to comply with Tennessee Rule of Civil Procedure 56.04, to-wit:

> The Court in *Winn* concluded that it was unable to consider the

merits of the appeal due to the trial court's failure to comply with Rule 56.04, when the trial court's ruling merely stated that "the Court believes there are no genuine issues of material fact and that the Respondents are entitled to judgment as a matter of law." *Id.* at \*6. Because the *Winn* case did not present "a clear legal issue," *id*. (citation omitted), we were not able to "soldier on without guidance from the trial court." *Id.* (citing *Church v. Perales*, 39 S.W.3d 149, 158 (Tenn. Ct. App. 2000)). Likewise, in the instant case, the trial court's order states only that it "finds that the Defendant's Motion for Summary Judgment should be granted." Respectfully, the trial court failed to recite any evidence or argument that was considered in its decision to grant summary judgment. This practice contravenes the specific mandate of Rule 56.04. As previously discussed, Rule 56.04 requires that the trial court "state the legal grounds upon which the court denies or grants the motion." Tenn. R. Civ. P. 56.04. Rule 56.04's requirement is "specific and without exception." *Eluhu*, 2009 WL 3460370, at \*21. Consequently, the mandate contained in Rule 56.04 is not a suggestion; it is a mandatory requirement for the trial court to follow, in the absence of which this Court cannot make a meaningful appellate review. The treatise, Tennessee Civil Procedure, describes the requirement that the court set forth its reasoning as "enabl[ing] appellate courts to better review whether the trial court granting summary judgment has in fact weighed the evidence and improperly granted the motion." Banks & Entman, <u>Tennessee Civil Procedure</u> § 9–4(b) (2d ed.2004). This duty is particularly important when the trial court grants a motion for summary judgment. *See* Fed .R. Civ. P. 56 advisory committee note (2010); *see also Jones v. Professional Motorcycle Escort Service, L.L.C*., 193 S.W.3d 564, 570 (Tenn. 2006) (citing *Harris v. Chern*, 33 S.W.3d 741, 745 n. 2 (Tenn. 2000) (noting that federal law on a rule similar to a Tennessee rule is persuasive authority). As noted by this Court in *Winn*, without knowing the trial court's basis for granting the motion, "[a]t best we would be speculating as to the reasoning behind the trial court's decision and the facts it considered." *Winn*, 2010 WL 2265451, at \*6.

*Ragland*, 2013 WL 4805624, at \*4-\*5; *State v. Centurion Industria e Comercia de Cigarros, LTDA*, No. M2010-02602-COA-R3-CV, 2011 WL 2923725, at \*7 (Tenn. Ct. App. July 20, 2011); *Eluhu v. HCA Health Servs. of Tenn. Inc*., No. M2008-01152-COA-R3-CV, 2009 WL 3460370, at \*21 (Tenn. Ct. App. Oct. 27, 2009).

In some cases, however, this Court has chosen to "soldier on without guidance from the trial court," *Church v. Perales*, 39 S.W.3d 149, 158 (Tenn.Ct.App.2000), where the basis for the trial court's decision can be readily gleaned from the record. However, unlike other cases in which this Court has chosen to soldier on, there is no transcript of the September 2017 hearing in the record or any indication of the legal grounds for the

- 4 -

trial court's decision in its "final order" granting summary judgment.

Although the requirements of Rule 56.04 are "specific and without exception." ***Eluhu***, 2009 WL 3460370, at *21, this Court has historically been reluctant to vacate a trial court's order on summary judgment on the sole ground of failure to comply with Rule 56.04, choosing instead to "soldier on without guidance from the trial court" where the basis of the trial court's decision can be determined from the record. ***Church v. Perales***, 39 S.W.3d 149, 158 (Tenn. Ct. App. 2000); *see, e.g.,* ***Burse v. Hicks***, No. W2007-02848-COA-R3-CV, 2008 WL 4414718, at *2 (Tenn. Ct. App. Sept. 30, 2008) (proceeding with review "for the sake of judicial economy" after determining that "[t]he record presents a clear legal issue"); ***White v. Pulaski Elec. Sys.***, No. M2007-01835-COA-R3-CV, 2008 WL 3850525, at *3 (Tenn. Ct. App. Aug. 18, 2008) (proceeding with review after determining that the legal grounds for summary judgment were "readily found" in the record); ***Burgess v. Kone, Inc***., No. M2007-02529-COA-R3-CV, 2008 WL 2796409, at *2 (Tenn. Ct. App. July 18, 2008) (proceeding with review after determining that the legal grounds for the trial court's decision were "readily ascertained" due to the record of the court's ruling from the bench). However, the Tennessee Supreme Court addressed the requirements of Rule 56.04 and the appellate courts' enforcement of that rule in ***Smith v. UHS of Lakeside, Inc.***, 439 S.W.3d 303, 313-14 (Tenn. 2014). In ***Smith***, the Court began by emphasizing the role the judicial system plays in society and remarking that "[p]roviding reasons for a decision reinforces the legitimacy of the legal process which, in turn, promotes respect for the judicial system." ***Id***. at 313. To this end, the Court noted that the Rule 56.04 requirement that the trial court state its grounds for a summary judgment decision not only assists the appellate court in its reviewing function but that the required explanation "of the basis for judicial decisions promote[s] respect for and acceptance of not only the particular decision but also for the legal system." ***Id***. Emphasizing the latter of these two objectives, the Court suggested that appellate courts take care not to be too lenient in enforcing the Rule 56.04 requirements:

> Despite the amendments to Tenn. R. Civ. P. 56.04 making the statement of grounds mandatory, the Court of Appeals has been reticent to vacate summary judgment orders that plainly do not comply with Tenn. R. Civ. P. 56.04 and to remand them to the trial court for further consideration. The court continues to conduct archeological digs and to review summary judgment orders when the basis for the trial court's decision can be readily gleaned from the record and to remand the case only when their practiced eyes cannot discern the grounds for the trial court's decision.
>
> We readily agree that judicial economy supports the Court of Appeals' approach to the enforcement of Tenn. R. Civ. P. 56.04 in proper circumstances when the absence of stated grounds in the trial court's order does not significantly hamper the review of the trial court's decision. However, in the future, the resolution of issues relating to a trial court's compliance or lack of compliance with Tenn. R. Civ. P. 56.04 should also

- 5 -

take into consideration the fundamental importance of assuring that a trial court's decision either to grant or deny a summary judgment is adequately explained and is the product of the trial court's independent judgment.

*Smith*, 439 S.W.3d, 314 (footnotes omitted).

Here, there is nothing in the trial court's "final order" that explains its decision to grant Appellees' motion for summary judgment as to all claims and causes, and the order does not state the legal grounds for the grant of such summary judgment. Although Appellants' complaint specifically alleges that Appellees "created a continuing nuisance in that the [Appellants] . . . have lost the peaceful and quiet enjoyment of their . . . properties, due to the heinous and atrocious acts of the [Appellees]," there is nothing in any of the trial court's orders indicating that the trial court considered Appellants' nuisance claim based on these allegations. The trial court does not recite any evidence or argument it considered in making the decision to grant the final order on summary judgment, and, therefore, fails to comply with Rule 56.04. Accordingly, "[w]e cannot proceed with a review, speculating on the legal theories upon which the trial court may have ruled and the legal conclusions the trial court may have made." *Potter's Shopping Ctr., Inc. v. Szekely*, 461 S.W.3d 68, 72 (Tenn. Ct. App. 2014) (quoting *Winn* 2010 WL 2265451, at *6). For the foregoing reasons, we vacate the "final order" entered September 18, 2017 granting summary judgment to Appellees and remand this case for further proceedings consistent with this opinion. Costs of this appeal are assessed against Appellees, Carl Mark Haehner and Wanda Jean Haehner, for which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE