**FILED**
**Feb 19, 2019**
**02:40 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Shelia Linsey | ) Docket No. 2017-08-1276 |
| | ) |
| v. | ) State File No. 26106-2016 |
| | ) |
| Acadia Healthcare Company, | ) |
| d/b/a Delta Medical Center-Memphis, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Deana C. Seymour, Judge | ) |

---

**Vacated and Remanded – Filed February 19, 2019**

---

In this interlocutory appeal, the employer challenges the trial court's denial of its motion for summary judgment. The employee, who worked in a hospital, alleged suffering mental and physical injuries resulting from an attack by a patient. The employee received authorized medical treatment for her physical injuries, but the employer did not provide treatment for the alleged mental injuries. The employee filed a petition for benefits more than one year after the employer's last voluntary payment of benefits, prompting the employer to file a motion for summary judgment asking that the suit be dismissed as time-barred. The trial court found that, although the petition was filed beyond the one-year limitations period, there were disputes of material fact regarding the reasons for delay in filing the claim. Thus, the motion was denied. Upon careful consideration of the record, we conclude the trial court did not sufficiently state the legal grounds for its decision to deny the motion as required by Rule 56.04 of the Tennessee Rules of Civil Procedure. We therefore vacate the order and remand the case for additional findings by the trial court.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Marcia Dawn McShane, Nashville, Tennessee, for the employer-appellant, Acadia Healthcare Company d/b/a Delta Medical Center-Memphis

Emily Bragg, Memphis, Tennessee, for the employee-appellee, Shelia Linsey

1

**Factual and Procedural Background**

Shelia Linsey ("Employee") worked as a secretary for Acadia Healthcare Company ("Employer") in a hospital that provides medical and psychiatric services in the Memphis area. On April 4, 2016, a patient attacked her, causing injuries to her back and shoulder. Employer provided authorized treatment with Dr. Robert Lonergan, an orthopedic surgeon. Employee's last visit with Dr. Lonergan was on October 13, 2016, and he placed Employee at maximum medical improvement on that date.[1] Employer issued its last voluntary payment on the claim on November 16, 2016, and provided no further benefits after that date.

Shortly after she was attacked, Employee requested treatment for an alleged mental injury resulting from the altercation with the patient. Employer provided a panel of mental health care providers from which Employee selected Dr. Jack Morgan on May 6, 2016. However, on September 20, 2016, she was informed that Dr. Morgan declined to accept her as a patient. Dr. Lonergan indicated on a questionnaire dated December 19, 2016 that he believed Employee needed psychiatric care as a result of the April 2016 attack.

On November 20, 2017, more than one year after Employer made its last voluntary payment, Employee filed a petition seeking benefits for her alleged mental injury. Employer filed a motion for summary judgment, asserting it was entitled to judgment as a matter of law because Employee's claim was barred by the one-year statute of limitations found in Tennessee Code Annotated section 50-6-203. Employer supported its motion with the affidavit of its workers' compensation manager, Sharon Doggette, and its statement of undisputed facts relied heavily on Ms. Doggette's affidavit. According to the affidavit, Employee requested treatment on May 6, 2016 for a mental injury caused by the April 2016 work incident, and Employer provided a panel from which Employee chose Dr. Morgan. The affidavit further indicates that Employer disputed the compensability of the alleged mental injury, and that Employer made its last payment on the claim on November 16, 2016.

Employee, in responding to Employer's statement of undisputed facts, did not dispute that Employer's last voluntary payment on her claim occurred on November 16, 2016, or that her petition was filed more than one year after that date. Nor did she dispute that she requested care for her alleged mental injury or that, on May 6, 2016, she selected Dr. Morgan from a panel provided by Employer. Although Employee did not dispute experiencing "psychologic[al] symptoms" immediately following the attack, she did dispute that she knew or reasonably should have known her need for treatment was related to the work incident until December 19, 2016, when Dr. Lonergan indicated there

---

[1] Although Dr. Lonergan placed Employee at maximum medical improvement on October 13, 2016, he did not assign a permanent anatomical impairment rating until January 2018.

was a causal connection. Moreover, Employee argued that she detrimentally relied on Employer's assurances that it would provide mental health benefits once she provided certain information Employer had requested. Thus, Employee argued that the discovery rule tolled the statute of limitations or, in the alternative, that Employer should be estopped from asserting a statute of limitations defense.[2]

At the hearing on the motion for summary judgment, Employer asserted that the facts regarding when Employee learned she had suffered a mental injury offered by Employee in her response to Employer's motion were inconsistent with the history she provided to her medical providers. Employer also asserted that Employee failed to identify any misrepresentations it allegedly made to her or the manner in which she relied upon those misrepresentations in not timely filing her claim.

The trial court concluded there were disputed issues of material fact and denied Employer's motion for summary judgment. In doing so, the court referenced the principle of equitable estoppel and noted that: (1) Employee chose Dr. Morgan from the panel of mental health experts Employer provided in May 2016; (2) despite the efforts of Employee and Employer's "assurances," Employee did not receive mental health treatment; and (3) "while [Employee] dealt with mental issues, Dr. Lonergan released her at MMI but delayed his impairment opinion until January 2018."

Employer has appealed, arguing that summary judgment was improperly denied because no genuine issues of material fact exist that would affect whether the claim was barred by the statute of limitations.

**Standard of Review**

The grant or denial of a motion for summary judgment is an issue of law and, therefore, our standard of review is *de novo* with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *McBee v. CSX Transp., Inc.*, No. W2015-01253-COA-R3-CV, 2017 Tenn. App. LEXIS 129, at *14 (Tenn. Ct. App. Feb. 24, 2017). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250.

---

[2] Employee asserts in her brief that Employer "caused significant delay" in her filing suit "by way of its numerous requests for additional information, such as medical records and medical history, and continued delay in making a determination regarding whether it would deny or authorize the requested mental health benefits." Employer responds that these assertions, even if true, do not amount to the type of fraudulent or misleading conduct that would support tolling the limitations period.

3

**Analysis**

In a workers' compensation case where the employer voluntarily pays benefits, "the right to compensation is forever barred" unless the claim is filed within one year of "the date of the last authorized treatment or the time the employer ceased to make payments of compensation to or on behalf of the employee." Tenn. Code Ann. § 50-6-203(b)(2) (2018). Here, there is no dispute Employee's suit was filed more than one year after Employer last issued a payment for her treatment with Dr. Lonergan. The trial court so found and, on appeal, Employee acknowledges the correctness of that finding.

Although the trial court found Employee filed her claim outside the one year limitations period, it denied Employer's motion for summary judgment based on its conclusion that there were disputed issues of fact regarding the reasons for the delay in filing the claim. Employer contends any argument by Employee that she was unaware of her mental injury is "insincere at best" because she requested mental health treatment and a panel of providers less than one month after the work incident. According to Employer, "it is nonsensical to think an employee would request treatment for an injury she did not believe existed." Arguing there are no disputed facts regarding the untimliness of the claim or the reasons for a delay in filing it, Employer asks us to reverse the trial court's denial of its motion. While we decline to do so, we do vacate the decision for the reasons explained below.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. In considering such a motion, "[t]he trial court shall state the legal grounds upon which the court denies or grants the motion, which shall be included in the order reflecting the court's ruling." *Id.*

The Tennessee Supreme Court has addressed a trial court's obligations when ruling on a motion for summary judgment in light of the most recent amendments to Rule 56 as follows:

> The changes to Tenn. R. Civ. P. 56.04 were intended to address two concerns. First, they reflect the growing awareness of both the Advisory Commission and this Court that explanations of the basis for judicial decisions promote respect for and acceptance of not only the particular decision but also for the legal system. Second, skeletal orders containing no explanation of the reasons for granting [or denying] the summary judgment were complicating the ability of the appellate courts to review the trial court's decision. *See, e.g., Church v. Perales*, 39 S.W.3d 149, 157 (Tenn. Ct. App. 2000) (noting that skeletal orders lacking a statement of grounds required appellate courts to "perform the equivalent of an

4

archeological dig [to] endeavor to reconstruct the probable basis for the [trial] court's decision").

*Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 313-14 (Tenn. 2014) (second and third alterations in original).  The Court then concluded, "in the future, the resolution of issues relating to a trial court's compliance or lack of compliance with Tenn. R. Civ. P. 56.04 should also take into consideration the fundamental importance of assuring that a trial court's decision either to grant or deny a summary judgment is adequately explained." *Id.* at 314.

This directive from the Supreme Court was applied in *Potter's Shopping Center, Inc. v. Szekely*, 461 S.W.3d 68 (Tenn. Ct. App. 2014), a contract dispute where the trial court granted a motion for summary judgment as to the issue of liability, but denied the motion as to the issue of damages.  On appeal, the Court of Appeals analyzed the Supreme Court's decision in *Smith* and concluded as follows with respect to the trial court's order in addressing the motion for summary judgment:

> The order does not state the legal grounds for the grant of summary judgment.  The trial court did not recite any evidence or argument it considered in making the decision to grant summary judgment.  This practice does not comply with Rule 56.04. . . . The parties' summary judgment filings indicate the existence of several disputed facts. . . . We cannot, based on the record before us, determine whether the trial court found these disputes immaterial to [the] unjust enrichment claim.

*Id.* at 72.  As a result, the Court of Appeals vacated the grant of partial summary judgment and remanded the case.  *Id.*

These two cases were followed by one of our own last year.  In *Mitchell v. Bunge North America*, No. 2016-08-1131, 2018 TN Wrk. Comp. App. Bd. LEXIS 3 (Tenn. Workers' Comp. App. Bd. Feb. 7, 2018), we vacated the trial court's ruling on a motion for summary judgment because the order did not make sufficient findings to support its decision.  In doing so, we noted that, in light of *Smith*, Rule 56 requires a trial judge to "identify any particular disputed facts the court found to be material" and "explain a legal basis for its decision to deny the motion," as it should not be left "up to the parties and to us to infer the basis for the court's determination."  *Mitchell*, 2018 TN Wrk. Comp. App. Bd. LEXIS 3, at *14.

In the present case, the trial court's order denying Employer's motion summarized the facts of the case and the respective positions of the parties, and made reference to the principle of equitable estoppel which, among other things, requires proof of misrepresentation or concealment of material facts and reliance upon the conduct of the party to be estopped.  *See Phillips v. Pictsweet Co.*, No. W2016-01704-SC-R3-WC, 2017

5

Tenn. LEXIS 535, at *21 (Tenn. Workers' Comp. Panel Aug. 28, 2017). The trial court's order then concluded that Employee "demonstrated disputed issues of material fact." However, the order does not identify what those disputed facts are, and we decline to speculate about what those may have been in an attempt to reconstruct the probable basis for the court's decision.[3] Nor does the order make clear how the equitable estoppel doctrine applies or what disputed facts exist to determine its applicability.[4] Also unclear is whether the trial court relied on the discovery rule in denying the motion.[5] Although the parties argued the applicability of the discovery rule at the hearing, and do so on appeal, the rule is not mentioned in the court's analysis.

In short, we conclude the trial court's order is insufficient to meet the requirements of Rule 56.04, especially in light of the Supreme Court's admonitions in *Smith*. The order does not identify any particular disputed facts the court found to be material to the issue of untimeliness, nor does it explain a legal basis for its decision to deny the motion, leaving it up to the parties and to us to infer the basis for the court's determination. As such, we vacate the trial court's order and remand the case for additional findings supporting its decision in accordance with Rule 56.04.

## Conclusion

In light of the foregoing, we vacate the judgment of the trial court and remand the case for the court to make additional findings consistent with this opinion.

---

[3] In its explanation for denying the motion, the trial court noted that: (1) Employee chose Dr. Morgan from the panel of mental health experts Employer provided in May 2016, (2) that "while [Employee] dealt with mental issues, Dr. Lonergan released her at MMI but delayed his impairment opinion until January 2018," and (3) that Employee did not receive mental health treatment. However, each of these facts was *undisputed* and none of them support the trial court's determination that disputed issues of material fact exist to preclude entry of summary judgment.

[4] The trial court's order references Employee's "efforts" and Employer's "assurances," but it does not identify what those are or what disputed facts exist regarding them.

[5] The "discovery rule" provides that the statute of limitations "is suspended until by reasonable care and diligence it is discoverable and apparent that an injury compensable under the [workers'] compensation laws has been sustained." *Norton Co. v. Coffin*, 553 S.W.2d 751, 752 (Tenn. 1977). In other words, "the limitation period does not begin to run until an employee discovers or, in the exercise of reasonable diligence, should have discovered, that [the employee] has a claim." *Arnold v. Courtyard Mgmt. Corp.*, No. 2015-02266-SC-WCM-WC, 2016 Tenn. LEXIS 648, at *9 (Tenn. Workers' Comp. Panel Sept. 28, 2016). This is not to suggest, however, that a physician's opinion is required in every case before the statute of limitations commences. *See Jenkins v. Goodyear Tire & Rubber Co.*, No. W2014-02303-SC-R3-WC, 2016 Tenn. LEXIS 175, at *8-10 (Tenn. Workers' Comp. Panel March 15, 2016).

6



| | |
|---|---|
| Shelia Linsey | ) Docket No. 2017-08-1276 |
| | ) |
| v. | ) State File No. 26106-2016 |
| | ) |
| Acadia Healthcare Company, | ) |
| d/b/a Delta Medical Center-Memphis, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Deana C. Seymour, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 19th day of February, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Emily Bragg | | | | | X | ebragg@forthepeople.com lhaygood@forthepeople.com |
| Marcia Dawn McShane | | | | | X | mmcshane@constangy.com dmccorckle@constangy.com |
| Deana C Seymour, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | penny.patterson-shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov